Mr. Norris, please come forward. This is Appeal No. 18-2055, Bechtel National, Inc. v. United States Mr. Knight. Thank you, Your Honor. May it please the Court, my name is Steve Knight, appearing on behalf of Bechtel National in this appeal. I would ask three minutes reserved for rebuttal time. We are here seeking the reversal of the Court of Federal Claims. If in this case you didn't have this DEAR provision and all you had was the FAR provision, which I guess is 31.2012A, do you agree that this panel would be bound by TCOM? Yes, Your Honor. It is, and that is exactly the point of this case. This is a situation that indicated that in the absence of a contract clause or FAR provision to the contrary, then the general rules of allowability would apply. Here we have a contract clause in I-113 that provides for broad third-party liability coverage by DOE with two exceptions, only one of which is at issue here. Well, the problem that I'm having is that that provision doesn't say what's allowable. It says that you have to look to other provisions of the contract to see what's disallowed. And this FAR provision is another provision of this contract, right? In other words, the provision you're relying on specifically says costs are allowable unless made disallowable by another provision of the contract. More specifically, Your Honor, I-113 says in E that third-party liability costs, including expenses, judgments, settlements, litigation costs, etc., are allowable unless made unallowable by law or contract provision. There is no law or contract provision. Well, there's the FAR provision. That's your problem, right? I mean, the specific DAR provision you're relying on says costs aren't allowable if they're made disallowable by another provision of the contract, right? That's so, Your Honor, and there is no provision in the contract that which FAR provision? The one we were just talking about. 312012A? Yeah. 312012A, with respect, says that for a cost to be allowable, it must be consistent. It has to be reasonable, allocable, consistent with GAAP or CAST terms of the contract and FAR Part 31. There is no cost principle. There is no term of the contract. Wait, wait, wait. TCOM said that provision disallows the very cost that you're seeking here. You agreed at the outset of the argument that that was true. So why isn't it the case that this DEAR provision incorporates the FAR provision and says if it's disallowed by the FAR provision, you can't recover? With respect, Your Honor, TCOM said that in the absence of a contract clause indicating or what the FAR provision does. The FAR provision merely says that the cost has to be consistent with terms of the contract. I-113 is a term of the contract, and therein DOE in promulgating the clause and in implementing the clause has covered these costs consistently for decades on this contract. I'm sorry, I'm just not understanding what you're saying. The provision you're relying on says except as otherwise provided in subparagraphs G and H of this clause or specifically disallowed elsewhere in this contract, the contractor shall be reimbursed. Your problem is the FAR provision is a provision of this contract which disallows these costs under the decision in TCOM. The FAR provision does, again, the FAR provision does not create a disallowance. I-3122 does not create a disallowance. It sets the ground rules, the general rules of cost allowability. And TCOM explicitly recognized that the parties could negotiate a separate clause covering reimbursement of exactly these kinds of costs. I don't think you're addressing my point. I'm sorry, your honor. TCOM said this FAR provision disallowed these costs, right? TCOM, actually TCOM said that it was the breach of what is in the contract as clause I-43, the EEO clause, that costs related to that breach. By reason of that FAR provision 3.201. By reason of 31.201 to A-4, yes, your honor. Because in TCOM, in the absence of a contract clause, those costs were seen as not consistent with the terms of the contract if there were a breach of the EEO clause. That's correct. Here, however, the parties have provided for otherwise. And in fact, it was DOE in its promulgation comments to the clause at issue that assured the contracting community that these costs would be covered absent managerial willful misconduct, lack of good faith, lack of prudent business judgment. But that was prior to TCOM. Yes, your honor. Wasn't it? Yes, your honor. It was in 1997 when the version of the clause that we're talking about here was promulgated. And TCOM anticipated exactly that type of situation where the parties would provide for coverage of these third party liability costs. Well, that's the question as to whether this clause makes the costs allowable. And certainly, you'd have a very good argument if the DEAR provision said, except as provided in subparagraphs G and H, the costs are allowable. But it doesn't say that. It says except as provided in G and H or elsewhere disallowed in the contract. And it's not elsewhere specifically disallowed in the contract, your honor. There is no specific disallowance of these particular third party liability clauses. And therein is where the trial court jumped the track. The trial court read I-113 as saying that the costs are allowable if they are otherwise allowable under the terms of the contract. And that's not at all what I-113 says. I-113 makes these third party liability costs allowable unless there is another provision that disallows them. There is no such provision, your honor. And TCOM did not lay down a... That's where you run into TCOM, which said that there is another provision of the contract that disallows the costs, 31-201. To read TCOM that way would be to read TCOM in such a way that the parties could never contract to have these types of costs treated otherwise. In other words, TCOM would have laid down a cost principle that no one could break. That's not what TCOM said. And indeed, this is borne out by DOE's statements, DOE's actions, Department of Energy's statements and actions in order to get the qualified bidders in to do this kind of challenging work. They said, DOE said, we are going to take on financial risk in order to get the kinds of companies like Bechtel here to design and build these nuclear waste facilities. So what the trial court's position permits is for DOE to do a complete about-face in terms of the cost that they are reimbursing under the contract. DOE has been very clear that it would reimburse these costs. It specified employee discrimination suits in the promulgation comments leading to the very clause that we're talking about. So is your understanding then of how, assuming that the trial court decision stands, that from now on, such issues, even though it might be a prudent business practice to settle in a, of the kind of settlement we have here, that that would not, is less likely to be done, that rather it would be almost obligatory to fight it out in court? That is certainly a natural reaction on the part of the company. Yes, Your Honor. If TCOM applies here, that would change the applicability of I-113 and its reimbursement of third-party liability costs. And in order to have settlement costs under TCOM reimbursed, the very little likelihood of success on the merits standard would be applied. And that is exactly what is at issue here. Do you agree that if this discrimination case or cases, the two cases go on to final judgment and you've lost, that you would not be able to recover those costs? No, Your Honor. I would not agree with that. Even if you litigate and lose, you think you can recover the costs? As long as there is not any lack of good faith, willful misconduct, lack of prudent business judgment under age of the managerial personnel of Bechtel. Yes, sir. That is the way that I-113 is constructed and is explicit in that regard. It talks about judgments and settlements and litigation costs. And that was exactly DOE's intent when it promulgated the clause at issue here, was to cover those kinds of financial risks in order to get companies like Bechtel to bid on the work. And now they're trying to undercut or do an about face in terms of what they have covered for the better part of 20 years under exactly this clause. It is DOE that is attempting to make a 180-degree change here in terms of what's covered by the contract. But how do you reconcile this with the allegation the basis was a violation of law, which was unsettled? I see that I'm into my rebuttal time. May I respond, Your Honor? Yes. So when the clause says, unless made unallowable by law or other provision of the contract, there are laws that go to cost allowability. Those are discussed, for example, in the Abraham case that's discussed in the briefs. The Deauthorization Act of 1986 is a perfect example of that. There is no law, though, that disallows these kinds of costs for government contract purposes. It's not as though the Department of Energy is without remedy. The Department of Energy has remedies under I-43, the EEO clause, up to and including termination, cancellation, suspension, and debarment. And if Bechtel's actions warranted those kinds of remedies, one could infer that you would have a 113H situation where the cost would not be allowable. So let me ask you, unallowable by law, wouldn't TECOM be law? TECOM is law. So if TECOM makes these kinds of costs unallowable, doesn't that kick in to the I-113G1, which says unallowable by law? No, Your Honor. TECOM is certainly law in terms of case precedent. But TECOM was decided in the absence of any kind of a clause like I-113, and specifically provided that parties could, in fact, make arrangements or have separate clauses that address these costs in particular. And that's what we have here. And that's why TECOM does not apply. Let me just ask you one other thing. You said that the very little likelihood of success standard would now kick over into any kind of a lawsuit that's brought against Bechtel or some other contractor at one of these nuclear sites. But isn't that standard grows out of the Boeing case? And it's limited to the setting of a discrimination claim. I mean, I'm not sure that I would agree with your argument that the likelihood, very little likelihood of success argument now applies across the board to all kinds of claims other than just discrimination claims. If TECOM is the rule here, then the very little likelihood of success on the merits standard would apply to settlements if TECOM were the standard. We urge that- You just said TECOM applies in the case of a discrimination claim. It doesn't apply to an environmental claim or some other kind of claim. In the absence of a clause like I-113, yes, it applies to discrimination. But it also, TECOM is phrased broadly enough to apply to any breach. And in fact, the underlying, the Dade case on which TECOM is predicated is not a discrimination case at all, Your Honor. It is a collective bargaining type of case, rights under a collective bargaining agreement, which were incorporated into the contract. So we would suggest to the court that, in fact, this is just the first step down the road of eroding the coverage of third-party liability in I-113 that DOE explicitly agreed to take on at the beginning of this contract. All right, let's hear from the government and we'll save some rebuttal time. Thank you, Your Honor. Mr. Long. Thank you, Your Honor. May it please the court. I think it's instructive to first consider what TECOM means here. And what it means is it establishes how this court will interpret these FAR provisions of the issue. And the court spoke with my friend about what the impact of Clause I.113 is. Well, that is, in this instance, the court's determination. So there's a statement in TECOM that, unless otherwise provided, or something of that nature. Well, let's say that there had been a provision here that explicitly permitted discrimination. That's, of course, not happening. But let's say it were to occur. It would then be on this court to decide the legal construction of the contract in that instance. But that's not the facts here. The facts here are that Clause I.113 points out... ...allowable by another provision of the contract might be different. And their problem is that this provision they're relying on doesn't say the cost is allowable. It says it's allowable as long as some other provision of the contract doesn't disallow it. Which, of course, is the very provision that TECOM involved, which disallows the cost. Yes, Your Honor. We obviously agree with that interpretation. As you say, the Clause I.113 points outward at the contract and the law. And TECOM establishes under the FAR how these sorts of costs will be... I'm trying really to understand. The foundation of this ruling is some sort of inference of an admission of wrongdoing. And so that the consequence, it seems, would be either that in government contracts, there would be some kind of additional estimate of the possibility of this more or less routine kind of litigation as we are seeing in today's world. So that even though it would be, let's assume that it was a sound business practice to settle this claim, talk about the cost of litigation, whatever else might have happened, that such a therefore straightforward sound business practice, there is an inference that there was wrongdoing that led to the settlement. And therefore, it's their problem. And the government, on whatever cost plus basis, is home free. That seems to have all sorts of complex implications for government contract relationships when you have a cost-wise contract that does not seem to weigh in favor of government interests. Is that a fair statement? Well, two points in response, Your Honor. The first is TECOM is limited to the discrimination context and specifically to the application of FAR 52.222-26. So that cabinets the scope of the TECOM holding and the Department of Energy has applied TECOM only to those contexts. With respect to claims brought against contractors in that context, I'm going to your question, Your Honor. The fundamental question is, did the discriminatory conduct occur? And so the very little likelihood of success standard in cases where discrimination claims are settled provides the contractor the opportunity to prove that a given claim was not meritorious. And that analysis is undertaken by the contracting officer, and it is necessary in order to know whether the contractor indeed breached the contract. And so I don't think that it's the inference of settlement that really, that could, well, the inference of settlement seems to be beside the point in TECOM. The point is, did the discriminatory conduct occur? And the contracting, and the contractor has the opportunity to prove to the contracting officer that it did not. And one way to do that would be through a- Under their theory, it's, they're entitled to a recovery even if they're found guilty of wrongdoing and there's an adverse judgment. It's not, their theory is not limited to settlements. It includes actual adverse determination. That's correct, Your Honor. And obviously we disagree with that interpretation based on the application of TECOM. And they, returning to your question, Your Honor, they have the opportunity to prove it under what we contend to be the correct construction of these contractual terms. They can prove that no discrimination occurred through a showing to the contracting officer. Now, of course, an adverse judgment, which Judge Dyke just addressed, of course, would demonstrate that they did, factually did discriminate. But they have the opportunity where they settled to prove that that would not have occurred, that that judgment would not have occurred because the facts don't support it. So if they had litigated and won on that theory, the cost of litigation would be recoverable? Potentially, Your Honor, yes. That's right, because they did not discriminate. Now, it would, of course, depend on the trial court's ultimate findings. But yes, assuming the trial court reached the holding, there was no discrimination, then no discrimination occurred and the litigation costs would be recoverable. So let me ask you a question. Your position is that these costs are not recoverable because TCOM says via FAR 31.201-2 in the anti-discrimination provision such costs can't be recovered, correct? And that was the thrust, I think, of Judge Dyke's discussion with Mr. Knight. So you're not relying simply on the language of G1. In other words, you're not saying that G1 says it refers to costs which are otherwise unallowable by law or the provisions of this contract. You're not saying that that kicks in simply because you have an anti-discrimination provision. If I understand Your Honor's question... You see what I'm saying? The discussion between Judge Dyke and Mr. Knight was along the lines of, well, look, you can't prevail here or you've got a problem here because in TCOM we said the general cost provision, I always have to check my notes here, 31.201-2 makes these costs unallowable because there's the anti-discrimination provision. And what I'm just asking you as a hypothetical is, or maybe it's not a hypothetical, I apologize. What I'm saying is you're not relying simply on G1 alone in the absence of the general cost provision 31.201. Correct, Your Honor. No, G1 is, I think this gets to your question, G1, as I said earlier, points outward to these anti-discrimination provisions and the cost allowable provisions. But if you didn't have the cost allowable provision, G1 wouldn't be enough for you because it would just say otherwise not allowable, otherwise unallowable by the provisions of the contract. Potentially, Your Honor. I'm having difficulty thinking of a situation where the cost allowability provisions of 31.201 wouldn't apply, but they certainly do in this contract. Okay. If the court has no further questions, we ask that you affirm the trial court. I do have a question. Perhaps it's a bit far afield, but would it in this case, therefore, have been appropriate in connection with a reimbursement to inquire into the background of the claim and as to whether there was foundation? I think we will accept that it's often prudent to settle even an not well-supported claim rather than litigated. So that if we accept the premise that this was a prudent business practice,  whether there was any foundation for the claim? Your Honor, the burden is on the contractor to make that showing to the contracting officer in the first instance. And in this instance, the contractor had that opportunity. So with respect to the merits of the underlying claims, certainly those are central here. They are important as to whether the claims might be frivolous or well-founded, whichever it may be, or somewhere in the middle. There is an inquiry that should occur at the contracting officer level with the burden on the contractor to make a showing that the costs are allowable. They can make a very little likelihood of success issue. Correct, Your Honor. And I guess in this case, the contractor made that argument before the contracting officer and the contracting officer found against the contractor. But then in the Court of Federal Claims, the contractor chose not to challenge that finding. Is that correct? Correct, Your Honor. At the Court of Federal Claims, the contractor chose not to allege that the underlying plaintiffs had no more than very little likelihood of success. They instead have presented this as a legal issue related to TCOM. That's right. Okay. Anything else? Anything else? Thank you. I would take issue with my friend's last statement. Bechtel presented this at the Court of Federal Claims as what is the correct legal standard to apply with respect to these costs. And the correct legal standard is Clause I-113. Returning, Your Honor, to your line of questioning, I would just like to refer the Court to 171 of the appendix where the clause is reproduced. And in full, it says, except as provided in subparagraph G and H, or specifically disallowed elsewhere in the contract, the contractor shall be reimbursed for liabilities, reasonable expenses, incident to such liabilities, including litigation costs to third persons not compensated by insurance or otherwise. This is a broad provision providing for reimbursement of third-party liability costs. I again return to G and to H. H is not at issue here. G says that notwithstanding any other provision of the contract, the contractor shall not be reimbursed for liabilities, including judgments, litigation costs, so on, which are otherwise unallowable by law or the provisions of this contract. So I-113 makes third-party liability costs allowable subject to some other contract provision that says that they are not. Like 31-201. No, Your Honor. 31-201 does not say that any costs are unallowable. It lays out the four general parameters that sets the structure for legal cost. I'm sorry, that sets the structure for allowability of contract costs. 31-201-2 does not render any particular cost unallowable. It is TCOM reading the EEO clause through combining it with 31-201-2A-4 that then says costs related to a breach of a contract clause are unallowable. So the crux of this case is, does I-113 control or does the consistent statement by the Department of Energy, the consistent reimbursement over 20 years of exactly these kinds of costs, they admit in the papers that that's what they've done, that that's how they've interpreted this clause, does TCOM, which did not pertain to a clause like I-113, essentially eviscerate part of the third party liability reimbursement clause? And we urge the court to find that it does not. TCOM does not apply here because TCOM does not have the kind of clause that I-113 provides. So it is not a question of who shows what under TCOM. TCOM just doesn't even enter the discussion because of clause I-113. And to say that TCOM, all of this discussion occurred before TCOM, yes, it did. Your Honor is exactly right on that. The Department of Energy made the pronouncements on risk allocation in order to get people to bid on this contract in 1997. And they said, absent managerial misconduct of the types set forth in I-113H, we, DOE, acknowledge that employment discrimination suits are business risks and we will cover them. That's what the promulgation comments indicated. And now what the Department of Energy is trying to do is to gut that coverage, reverse course, on what it was that they promised to do to get Bechtel in to do this work. And we are simply asking for the court to enforce. Is this, let me ask you, has this TCOM issue been raised at the outside of the setting of a discrimination claim? I'm sorry. Has, in other words, has the Department of Energy taken the position with respect to a non-discrimination claim that was settled, that the costs aren't allowable because of the TCOM rule? Not yet, Your Honor. But in the court below, my friend, while assuring the court, and it's in the appendix, assuring the court that DOE's position was only on discrimination, also candidly acknowledged that he could not make any representations that they would not go further. And there is language and the predicate of TCOM being dade, a labor case, there is certainly ample room for the Department of Energy to push this further down the slippery slope. But the point here is that DOE promulgated this regulation and said these are normal business risks that absent the managerial misconduct in H, we will cover. And now they are trying to get away with not reimbursing the very costs that they have reimbursed and have said that they would cover with no change in the contract clause. They could change the contract clause. And indeed, as indicated in our last brief, they are doing just that at the Savannah River project. They have changed the contract clause to explicitly carve out discrimination costs as not being reimbursable. That's not the situation here at Hanford. And so these costs we would submit are in fact allowable as they have always been allowable. The other thing that the Department of Energy could do is ask to negotiate a modification to the contract, which is something that the parties did in Abraham with regard to environmental costs. So the coverage here, going into the contract, implementing the contract clause has been and should continue to be third party liability costs of this kind are reimbursed subject to H because there is no specific contract clause that disallows these costs. Okay, any more questions? Thank you, Your Honor. Thank you. Thank you both. The case is taken under submission.